IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OR ARKANSAS
FAYETTEVILLE DIVISION

MARIA T. BALLESTEROS                                             PLAINTIFF

   v.                            CIVIL NO. 04-5123

JO ANNE B. BARNHART, Commissioner
Social Security Administration                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Maria T. Ballesteros brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for period of disability and disability insurance benefits (DIB) and supplemental security income (SSI) benefits under the provisions of Title II and XVI of the Social Security Act (Act).

**Procedural Background:**

The applications for DIB and SSI presently before this court were filed on August 12, 2002, and August 27, 2002, respectively, alleging an inability to work since February 10, 2002, due to a herniated nucleus pulposus and an injury to her back and leg. (Tr. 82-86). An administrative hearing was held on July 17, 2003. (Tr. 32-59). Plaintiff was present and represented by counsel.

By written decision dated December 2, 2003, the ALJ found that plaintiff has an impairment or combination of impairments that are severe. (Tr. 29). However, after reviewing all of the evidence presented, he determined that plaintiff's impairments do not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I,

Subpart P, Regulation No. 4. (Tr. 29). The ALJ found plaintiff retained the residual functional capacity (RFC) to perform a full range of light work. (Tr. 29). With the help of vocational expert testimony, the ALJ found plaintiff would be able to perform her past relevant work as a poultry eviscerator. (Tr. 29).

Plaintiff appealed the decision of the ALJ to the Appeals Council. Plaintiff's request for review of the hearing decision was denied on May 28, 2004. (Tr. 6-10). When the Appeals Council declined review, the ALJ's decision became the final action of the Commissioner. Plaintiff now seeks judicial review of that decision. (Doc. #1). Both parties have submitted appeal briefs and this case is before the undersigned for report and recommendation. (Doc. #'s 6,7).

**Applicable Law:**

This court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the

evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)©. A plaintiff must show that her disability, not simply her impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given her age, education, and experience. *See* 20 C.F.R. §§ 404.1520, 416.920. Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of her residual functional capacity. *See McCoy v. Schwieker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. §§ 404.1520, 416.920.

AO72A
(Rev. 8/82)

**Discussion**:

Of particular concern to the undersigned, is the ALJ's RFC determination. The ALJ has a duty to fully and fairly develop the record. *Snead v. Barnhart,* 360 F.3d 834, 836-37 (8th Cir.2004). It is incumbent upon the ALJ to establish by medical evidence that the claimant has the requisite RFC and to question a claimant in detail about her abilities.

To properly determine a claimant's RFC, an ALJ is "required to consider at least some supporting evidence from a [medical] professional" *See Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). After reviewing the record, we are troubled by the ALJ's failure to address Dr. Carl R. Duncan's opinion that plaintiff could not stand for more than four hours a day. (Tr. 158). The ALJ is free to disregard a treating/examining physician; however, he must have some professional medical evidence to support the RFC determination.

In finding plaintiff could perform a full range of light work, the ALJ noted Dr. Vincent Runnel's notes that plaintiff could bend forward, with her feet together and knees locked, and come to within two inches of touching her toes and that her extension was limited at twenty degrees; however, Dr. Runnels did not complete a RFC assessment opining as to what plaintiff was capable of performing. (Tr. 181). The only RFC assessment of record, indicating plaintiff could perform a full range of light work, was completed by a non-examining, medical consultant. *See Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999)(the opinion of a consulting physician who examined the plaintiff once or not at all does not generally constitute substantial evidence). As light work requires the ability to stand and/or walk for up to six hours in an eight-hour workday, we believe the ALJ erred in failing to address Dr. Duncan's opinion that plaintiff could stand for only four hours a day.

4

We believe remand is warranted so that the ALJ can more fully and fairly develop the record. On remand, the ALJ is directed to address interrogatories to the physicians who have evaluated and/or treated plaintiff--including, Dr. Duncan–asking the physicians to review plaintiff's medical records; to complete a RFC assessment regarding plaintiff's capabilities during the time period in question, and to give the objective basis for their opinions so that an informed decision can be made regarding plaintiff's ability to perform basic work activities on a sustained basis during the relevant time period in question. *Chitwood v. Bowen*, 788 F.2d 1376, 1378 n.1 (8th Cir. 1986); *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir. 1985). The ALJ may also order a consultative exam, in which, the consultative examiner should be asked to review the medical evidence of record, perform a physical examination and appropriate testing needed to properly diagnosis plaintiff's condition and level of pain, and complete a medical assessment of plaintiff's ability to perform work related activities. *See* 20 C.F.R. §§ 404.1517, 416.917. With this evidence, the ALJ should then re-evaluate plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessments and supported by the evidence.

With this evidence, if plaintiff is found to no longer be able to perform her past relevant work, we suggest the ALJ address how plaintiff's inability to speak English might affect her ability to perform other jobs in the national economy.

**Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have ten days from receipt of our report and recommendation in**

**which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 30th day of August 2005.

/s/ Beverly Stites Jones
HON. BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)